UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER A. IRELAND, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:10-0246 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| DONNA JO MCDANIEL, LAURA OITKA, J. RICHARD NARVIN, THOMAS N. FARRELL, GREGG MATTHEWS, NYKEISHA THOMAS, JOHN DOE, ALLEGHENY POLICE DEPARTMENT, ALLEGHENY COUNTY SALARY BOARD, ALLEGHENY COUNTY OFFICE OF PUBLIC DEFENDER, and ALLEGHENY COUNTY OFFICE OF DISTRICT ATTORNEY, | : | |
| Defendants | : | |

### REPORT AND RECOMMENDATION[1]

On February 1, 2010, the plaintiff, an inmate at at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). In addition, the plaintiff has filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Upon review, all of the allegations in the plaintiff's complaint stem from incidents that occurred in Allegheny County. More specifically, the gravamen of plaintiff's complaint is that he takes issue with the criminal charges brought against him and the subsequent court proceedings at the Allegheny County Court of Common Pleas, which is located in the Western District of Pennsylvania.

In a civil action, not based solely on diversity, venue is proper:

> <u>only</u> in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b) (emphasis added). Here, §1391(b)(2) creates proper venue in the United States District Court for the Western District of Pennsylvania, since the alleged incidents complained of occurred within that District.

In considering proper venue, the court must look at the factors set forth in §1404(a) in rendering an appropriate decision that is in the interest of justice. See *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir.

1995). "For the convenience of parties and witnesses, in the interest in justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).

In this case, the action is in its early stages. Based upon the allegations set forth in the complaint, the matter properly belongs in the Western District of Pennsylvania and the interests of justice require its transfer to the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

(1)   The instant action be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a); and

(2)   Plaintiff's application to proceed *in forma pauperis*, (Doc. No. 2), and "Motion for Order of Court," (Doc. No. 8), be held in abeyance for review and decision by the court in the Western District of Pennsylvania.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 4, 2010
O:\shared\REPORTS\2010 Reports\10-0246-01.wpd

3