IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER A. IRELAND, | ) | |
| | ) | Civil Action No. 10 – 387 |
| Plaintiff, | ) | |
| | ) | District Judge David S. Cercone |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| GREGG MATTHEWS, | ) | ECF No. 116 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendant Gregg Matthews' Motion for Summary Judgment (ECF No. 116) be granted.

**II.    REPORT**

Plaintiff, Christopher Ireland, an inmate currently confined at the State Correctional Institution at Rockview, located in Bellefonte, Pennsylvania, commenced this action against the following Defendants: the Honorable Donna Jo McDaniel, the President Judge of the Allegheny County Court of Common Pleas; Laura Ditka, Assistant District Attorney; J. Richard Narvin, Defense Counsel; John Doe, Assistant Public Defender; Thomas N. Farrell, Defense Counsel; Gregg Matthews, Police Officer; Nykeisha N. Thomas; Allegheny County Police Department; Allegheny County Salary Board; Allegheny County Office of Public Defender; and Allegheny County Office of District Attorney.  In his Second Amended Complaint (ECF No. 29), Plaintiff

1

alleges various constitutional violations stemming from a criminal trial which took place in October of 2004.

Following the filing of several motions to dismiss and a joinder filed by Defendant Narvin, the Court entered an Amended Memorandum Order on March 11, 2011 (ECF No. 77), granting as follows: (1) the motion to dismiss filed by Defendant McDaniel, (2) the motion to dismiss filed by Defendant Farrell, (3) the motion to dismiss filed by Defendants Allegheny County Police Department, Allegheny County Public Defender's Office, Allegheny County District Attorney's Office, Laura Ditka and Gregg Matthews except as to Plaintiff's malicious prosecution and selective prosecution claims against Defendant Matthews, and (4) the joinder filed by Defendant Narvin to the motion to dismiss filed by Defendants Allegheny County Police Department, Allegheny County Public Defender's Office, Allegheny County District Attorney's Office, Laura Ditka and Gregg Matthews. The Court further ordered that the complaint be dismissed with prejudice against Defendants Nykeisha Thomas and Public Defender John Doe and that the motion for partial summary judgment filed by Plaintiff be denied. As a result, the only claims to survive the motions were Plaintiff's selective and malicious prosecution claims against Defendant Matthews.

Defendant Matthews filed an Answer (ECF No. 79) to Plaintiff's Second Amended Complaint and, following discovery, filed a Concise Statement of Material Facts (ECF No. 115), a Motion for Summary Judgment (ECF No. 116), and a brief in support of his motion (ECF No. 117). Plaintiff filed a Response to Defendant's Concise Statement of Material Facts (ECF No. 126), and a brief in support of his response (ECF No. 127).

## A. Factual Background

According to the Affidavit of Probable Cause dated January 3, 2003, submitted by detectives Defendant Matthews and his partner, Edward Fisher, the Allegheny County Police Department detectives first became acquainted with Plaintiff in October of 2000 when they were asked by the Rankin Police Department to investigate a custody dispute between Plaintiff and Nykeisha Thomas, the mother of his minor daughter (CNT). The details of that investigation reveal that on October 7, 2000, Plaintiff reported that his child was abducted by her mother, Nykeisha Thomas. The Allegheny County detectives began an investigation but they soon learned from the City of Pittsburgh Police that the child was safe in Georgia with her mother. They also learned that the mother had notified the authorities in DeKalb County, Georgia that her daughter had disclosed that Plaintiff had sexually assaulted her. The detectives contacted Detective Keemelt Johnson of the DeKalb County Criminal Investigation Division who told them that the child disclosed during a forensic interview on December 11, 2000, that her father penetrated her vagina with his finger and his penis. The Allegheny County detectives were not able to take any action at that time because the mother did not return the child to this jurisdiction believing that the child would not be able to testify in court about the alleged abuse.

Nykeisha Thomas and her daughter returned to Allegheny County in August 2001 at which time Plaintiff had constant contact with his daughter. In 2002, Nykeisha Thomas allegedly sued Plaintiff for child support and two weeks later, Plaintiff went to Nykeisha Thomas' home with a copy of a custody order and retrieved CNT. As a result, Nykeisha Thomas contacted Defendant Matthews and told him that Plaintiff had kidnapped her daughter.

Shortly thereafter, Defendant Matthews scheduled a forensic interview for CNT. The interview was conducted on December 4, 2002, and observed by Defendant Matthews. The

forensic interviewer concluded that there was a probable likelihood that CNT experienced inappropriate sexual contact by her father on more than one occasion. Based on these facts, Defendant Matthews and his partner filed an Affidavit of Probable Cause and a Criminal Complaint against Plaintiff on January 3, 2003, charging him with Rape, Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, Indecent Assault, Incest, Corruption of Minors and Endangering the Welfare of a Child (EWC). Defendant Matthews obtained an arrest warrant and Plaintiff was arrested on January 18, 2003. A preliminary hearing was held on February 19, 2003, where Plaintiff was held on all charges relating to the alleged sexual abuse of his daughter. The Commonwealth's Bill of Information was filed on April 22, 2003.

Plaintiff proceeded to trial on October 18, 2004. During her opening statement, the District Attorney informed the jury that the Commonwealth's case was about Plaintiff sexually abusing his 5 year old daughter. Notwithstanding, during cross examination of Plaintiff, she questioned Plaintiff exclusively about paying child support. Defense counsel failed to object to this line of questioning, and during her closing, the District Attorney spoke exclusively to the jury concerning Plaintiff's failure to pay child support. Afterward, the judge only instructed the jury as to the felony EWC but did not instruct the jury as to the prosecution's theory of liability as argued during the trial, which is graded only as a third degree misdemeanor. Defense counsel did not object to the court's charge, nor did he submit any proposed jury instructions. On October 21, 2004, the jury acquitted Plaintiff of all the sex based crimes but found Plaintiff guilty of EWC for failure to pay child support, a crime not charged by the Commonwealth's Bill of Information. On January 5, 2005, the trial court sentenced Plaintiff to two and one-half (2½) to seven (7) years incarceration for the felony conviction of EWC for engaging in sexual activity.

On direct appeal, the Superior Court of Pennsylvania remanded the case for re-sentencing finding that the trial court had illegally sentenced Plaintiff to a felony when the case concerned only a third degree misdemeanor. The Superior Court further ordered that the scope of the remand was to include Plaintiff's ineffective assistance of counsel claims. On January 22, 2008, a hearing was held and the court dismissed the charges against Plaintiff.

### B. Summary Judgment Standard

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record indicates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element to that party's case and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence or the lack thereof that demonstrates the absence of a genuine issue of material fact. National State Bank v. Federal Reserve Bank of New York, 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990) (quoting Anderson, 477 U.S. at 251-52). If a court, having

reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50. Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. *See* Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

## C. Discussion

As noted above, the sole remaining claims in Plaintiff's Second Amended Complaint are against Defendant Matthews for selective and malicious prosecution.

### 1. Selective Prosecution/Enforcement

Although this Court previously construed Plaintiff's Second Amended Complaint to assert a claim for selective prosecution against Defendant Matthews, when a plaintiff's claim is directed solely at police misconduct, as it is here, the claim should be for selective enforcement. However, the standards are virtually identical. *Compare* Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005) (holding selective enforcement occurs when (1) there are similarly situated persons against whom the law was not enforced and (2) the official's conduct is motivated by an "unjustifiable standard"), *with* United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989) (setting forth the elements of selective prosecution, which are identical). To establish a selective enforcement claim, Plaintiff must show "(1) that he was treated differently from other similarly situated individuals, and (2) 'that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, or to prevent the exercise of a fundamental right.'" Dique v. N.J. State Police, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (quoting Hill, 411 F.3d at 125) (internal quotations omitted).

Here, Plaintiff does not present any evidence or allege any facts that similarly situated individuals were treated differently or that he was singled out from other individuals because of his race, religion or any other arbitrary factor. There is also no evidence that Defendant Matthews was attempting to prevent Plaintiff from exercising some fundamental right. As such, it is recommended that Defendant Matthews' Motion for Summary Judgment be granted on this claim.

**2. Malicious Prosecution**

To prove malicious prosecution under section 1983, a plaintiff must show that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). To satisfy the second element of malicious prosecution, a plaintiff must present evidence of "(a) a discharge by a magistrate at a preliminary hearing, or (b) the refusal of a grand jury to indict, or (c) the formal abandonment of the proceedings by the public prosecutor, or (d) the quashing of an indictment or information, or (e) an acquittal, or (f) a final order in favor of the accused by a trial or appellate court." Donahue v. Gavin, 280 F.3d 371 (3d Cir. 2002) (internal quotation marks and emphasis omitted). Here, there is no issue that Plaintiff has satisfied the first two elements of a malicious prosecution claim. However, Plaintiff fails to demonstrate that there is a genuine issue of material fact as to whether Defendant Matthews had probable cause to initiate Plaintiff's criminal proceedings. Because the Court

finds that Plaintiff cannot satisfy the third element of a malicious prosecution claim, the fourth and fifth elements will not be addressed.

The Third Circuit has explained that:

Probable cause is proof of facts and circumstances that would convince a reasonable, honest individual that the suspected person is guilty of a criminal offense. Probable cause does not depend on the state of the case in point of fact but upon the honest and reasonable belief of the party prosecuting.

Lippay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993) (internal citations and quotations omitted).

Plaintiff claims that CNT's allegations of sexual abuse were intentionally fabricated in an attempt by Nykeisha Thomas to gain custody of her minor daughter. He contends that he questioned Nykeisha Thomas about the allegations in August 2001 upon her return to Allegheny County and Thomas admitted that she had made the allegations solely because she wanted custody of her daughter and because CNT wanted to live with her mother. He further contends that Defendant Matthews had CNT re-interviewed regarding the allegations of sexual abuse only after Nykeisha Thomas contacted him in November 2002 feigning allegations of kidnapping after Plaintiff had taken CNT pursuant to a court custody order. Plaintiff asserts that his arrest was unlawful because Defendant Matthews, with a reckless disregard for the truth, omitted information and made false assertions in his affidavit of probable cause and that such statements and omissions were material or necessary to the finding of probable cause.

First, Plaintiff asserts that Defendant Matthews omitted a litany of facts and information from his affidavit of probable cause. As the Third Circuit has stated, "[a]ll storytelling involves an element of selectivity . . . . [and] [w]e cannot demand that police officers relate the entire history of events leading up to a warrant application with every potentially evocative detail that

would interest a novelist or gossip." Wilson v. Russo, 212 F.3d 781, 787 (3d Cir. 2000) Instead, "omissions are made with reckless disregard if an officer withholds a fact in his ken that 'any reasonable person would have known that this was the kind of thing the judge would wish to know.'" Id. at 788 (quoting United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir. 1993)). With the exception of Plaintiff's contention that Defendant Matthews recklessly omitted facts demonstrating that CNT's allegations of sexual abuse were inconsistent between forensic interviews, the Court finds that the facts and information Plaintiff contends Defendant Matthews omitted from his affidavit are simply not the type of facts a "judge would wish to know" and have no bearing on the determination of whether probable cause existed to file a criminal complaint against Plaintiff for the alleged sexual abuse of his daughter. *See* id. at 789 ("To determine the materiality of the misstatements and omissions, we exercise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause.") (citing Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)). However, the Court will address Plaintiff's contention that Defendant Matthews recklessly omitted from his affidavit inconsistent allegations of abuse.

Plaintiff claims that CNT's allegations regarding the alleged abuse were inconsistent between interviews and that Defendant Matthews recklessly omitted this information asserting instead that CNT's allegations of abuse from her interview in Allegheny County in December 2002 were consistent with what she alleged in her interview conducted in Georgia in December 2000. He claims that the insertion of this information would have negated any probable cause that Plaintiff had sexually assaulted his daughter. Specifically, Plaintiff maintains that CNT made several first time allegations of abuse in her December 4, 2002 forensic interview, including the fact that Plaintiff had touched her chest and had anally penetrated her with his

9

penis and finger and that she had touched Plaintiff's chest and buttocks. According to Plaintiff, these allegations were inconsistent with what CNT disclosed in her December 11, 2000 forensic interview in Georgia when she admitted that Plaintiff had penetrated her vagina with both his finger and his penis but did not disclose that he had engaged in the additional conduct. The Court, however, does not find that these allegations were "inconsistent." Instead, CNT simply disclosed additional acts of abuse which she had not previously reported. Moreover, contrary to Plaintiff's assertions, this information was not omitted from the affidavit of probable cause as Defendant Matthews reported the specific allegations of abuse to which CNT disclosed during her two forensic interviews. Accordingly, Plaintiff has not demonstrated that the information allegedly omitted from Defendant Matthews' affidavit was material enough to affect the determination of probable cause.

Plaintiff additionally asserts that Defendant Matthews falsely asserted in his affidavit that the alleged abuse took place at Plaintiff's home in Rankin, Pennsylvania. Plaintiff contends that Defendant Matthews ignored the fact that Plaintiff's driver's license, custody affidavit, and criminal record all listed his address as Braddock, Pennsylvania. The Third Circuit has stated that an assertion is made with reckless disregard when "viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Id. at 788 (quoting United States v. Clapp, 46 F.3d 795, 801 n.6 (8th Cir. 1995)). Here, Plaintiff has not demonstrated that Defendant Matthews had doubts as to the truth of his statement that the alleged abuse took place while CNT was staying with Plaintiff at his residence in Rankin, Pennsylvania. In fact, Plaintiff does not dispute that he resided in Rankin, Pennsylvania during the relevant time periods, and importantly, Plaintiff himself listed his address as Rankin, Pennsylvania in a voluntary statement he gave to police on

October 7, 2000, which was the approximate time the abuse was alleged to have occurred. As such, Plaintiff has failed to demonstrate that his asserted place of residency was incorrect or that Defendant Matthews had any reason to doubt the accuracy of the information reported to him by CNT and by Plaintiff himself.

In this case, viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has not demonstrated sufficient issues of disputed material facts to send the issue of probable cause to the jury. Contrary to Plaintiff's assertions, the undisputed evidence shows that Defendant Matthews had probable cause to believe that Plaintiff had sexually assaulted his daughter. Specifically, Plaintiff does not dispute that, at the time Defendant Matthews filed his affidavit of probable cause, CNT had undergone two forensic interviews where she had reported being sexually abused by her father. Based on this information, Defendant Matthews reasonably concluded that probable cause existed to initiate criminal proceedings, and the fact that Plaintiff was later acquitted of sexual abuse charges has no bearing on that determination. As such, it is recommended that Defendant Matthews' Motion for Summary Judgment be granted as to this claim as well.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendant Gregg Matthews' Motion for Summary Judgment (ECF No. 116) be granted.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the

date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

    Dated: March 14, 2012

                                              Lisa Pupo Lenihan
                                              Chief United States Magistrate Judge

cc: Christopher A. Ireland
    HW 8508
    Box A
    Bellefonte, PA 16823-0820

    Counsel of Record