# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER A. IRELAND, ) | 2:10cv387 |
| ) | Electronic Mail |
| Plaintiff, ) | |
| ) | Judge Cercone |
| v. ) | Chief Magistrate Judge Lenihan |
| ) | |
| GREGG MATTHEWS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

This suit commenced in the Middle District of Pennsylvania with the receipt of Plaintiff's civil rights complaint (ECF No. 1) on February 1, 2010. The case was transferred to this Court on March 23, 2010, (ECF No. 11), and referred to United States Magistrate Judge Lisa Pupo Lenihan for all pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court for Magistrate Judges.

Plaintiff filed an amended complaint (ECF No. 17) and a second amended complaint (ECF No. 29). Following the filing of several motions to dismiss, the Court entered an Amended Memorandum Order dated March 11, 2011 (ECF No. 77) dismissing all claims against all defendants except for Plaintiff's malicious prosecution/enforcement and selective prosecution claims against Defendant Gregg Matthews. Defendant Matthews subsequently filed a Motion for Summary Judgment (ECF No. 116), and on March 15, 2012, the Magistrate Judge entered a Report and Recommendation ("the Report") (ECF No. 129) recommending the motion be granted. Plaintiff was served with the Report at his listed address and advised that he had until April 2, 2012 to file written objections. In the interim, Plaintiff retained counsel who was granted an extension of time to file objections and who filed timely objections on May 23, 2012

(ECF No. 137). For the following reasons, Plaintiff's objections do not undermine the recommendation of the Magistrate Judge.

Plaintiff's primary objection to the Report of the Magistrate Judge is based on the Court's denial of Plaintiff's request for the assistance of counsel. Plaintiff contends that the refusal of the Court to appoint him counsel, either *sua sponte* or by granting his motion, irreparably prejudiced him by, generally, preventing him from effectively litigating his case and by, specifically, preventing him from developing facts tending to prove material factual disputes for purposes of defeating Defendant's Motion for Summary Judgment. Plaintiff's objections are overruled.

First, to the extent Plaintiff objects to the entrance of summary judgment solely on the basis that he proceeded *pro se* throughout the course of this litigation, the Court is unpersuaded by his arguments. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). However, a district court is empowered with the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Third Circuit Court of Appeals has interpreted § 1915 as affording district courts "broad discretion" to determine whether appointment of counsel in a civil case would be appropriate. *See* Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Tabron Court found that the decision to appoint counsel may be made at any point in the litigation, and may be made by a district court *sua sponte*. Id. at 156.

In Tabron, the Court developed a list of criteria to aid district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the plaintiff's case has some arguable merit in fact and law. Id. at 155; see also Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). If a plaintiff overcomes this threshold

2

hurdle, the court should consider a number of other factors when assessing a request for counsel. These include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57. The Third Circuit has noted that "this list of factors is not exhaustive, but should serve as a guidepost for the district courts." Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 155).

In this case, the Magistrate Judge considered these factors, among others, and determined that the appointment of counsel was not warranted. (ECF No. 85.) Specifically, she found that the remaining issue in this case, *i.e.* the claims against Defendant Matthews, were not particularly complex and it appeared as if Plaintiff had the ability to present his case. She also noted the severe shortage of attorneys with experience and knowledge in this area of the law and that it is very difficult to find counsel in this district willing to take prisoner civil rights cases *pro bono*. However, Plaintiff was reminded that he had the benefit of Haines v. Kerner, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe *pro se* pleadings.

To the extent Plaintiff's current objections can be construed as a motion for reconsideration of the Magistrate Judge's order denying him appointment of counsel and a request that the undersigned undertake a *de novo* review of that decision including an analysis of the Tabron factors, the Court finds that Plaintiff's request is untimely. Moreover, Plaintiff has failed to set forth sufficient special circumstances or factors that would warrant reconsideration and for the Court to overlook such an obvious procedural error as that Order was entered over one year ago. Nevertheless, the Court has considered Plaintiff's arguments in his Objections but

3

cannot find that the Magistrate Judge clearly erred in denying Plaintiff's request for the appointment counsel.

Finally, it does not appear that the appointment of counsel would have altered the outcome in this case. Although Plaintiff strenuously argues that his inability to understand discovery rules and procedures somehow hindered or prevented him from developing facts tending to prove material factual disputes for purposes of defeating summary judgment, it is clear from the record that Plaintiff was able to effectively litigate his case and oppose Defendant's Motion for Summary Judgment. Indeed, it appears as if Plaintiff more than adequately understood the law and argued in support of his claims. However, it also appears from the record that Defendant Matthews had more than probable cause to charge Plaintiff with sexually assaulting his daughter despite the fact that Plaintiff was ultimately acquitted of all sex based crimes. Moreover, the Court must wonder why Plaintiff, having now retained counsel, objects to the Report on the basis of his *pro se* status and not the factual and/or legal conclusions contained in the Report as presumably counsel would do if the Motion for Summary Judgment were denied. In fact, no portion of Plaintiff's Objections contests the accuracy of the Report and upon *de novo* review the Court finds no reason why it should not be adopted in full.

As such, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered.

AND NOW, this 6th day of June, 2012,

**IT IS HEREBY ORDERED** that Defendant Gregg Matthews' Motion for Summary Judgment (ECF No. 116) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Lenihan dated March 15, 2012 (ECF No. 129) is adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that defendant Allegheny County Salary Board is dismissed based on plaintiff's failure to prosecute (see ECF No. 61).

**IT IS FURTHER ORDERED** that the Clerk of Court is to mark this case **CLOSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*[signature]*

David Stewart Cercone
United States District Judge

cc: Charles E. Steele, Esquire
Marcus B. Schneider, Esquire
Tara E. Fertelmes, Esquire
Andrew F. Szefi, esquire
Elizabeth L. Hughes, Esquire
Michael H. Wojcik, esquire